Kelly A. Evans, Nevada Bar No. 7691
Jay J. Schuttert, Nevada Bar No. 8656
Casey G. Perkins, Nevada Bar No. 12063
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: kevans@swlaw.com
Email: jschuttert@swlaw.com
Email: cgperkins@swlaw.com

Phyllis A. Jones (*pro hac vice*)
Michael X. Imbroscio (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: mimbroscio@cov.com

Attorneys for Defendant
ELI LILLY AND COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT R. GENTRY,<br><br>     Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>     Defendant. | CASE NO. 2:15-cv-00023-RCJ-CWH<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER —**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

Plaintiff Robert R. Gentry and Defendant Eli Lilly and Company, by and through undersigned counsel, respectfully submit the following Stipulated Discovery Plan and Scheduling Order Submitted in Compliance with LR 26-1(e), and request special scheduling review for the reasons set forth herein.

**1. <u>Reasons for Requesting Special Scheduling Review:</u>**

The parties request a discovery period in excess of 180 days contemplated by LR 26-1(e). Specifically, the parties request 480 days to complete discovery. The parties request this

1  additional time to complete discovery because this is a complicated product liability action
2  against a pharmaceutical manufacturer arising from Plaintiff's alleged use of the pharmaceutical
3  drug Cymbalta.  This case is one of approximately fifty-five matters pending around the country
4  in which plaintiffs make similar allegations regarding the development, design, marketing, and
5  labeling of Cymbalta.  While the Judicial Panel on Multidistrict Litigation declined a request by a
6  group of plaintiffs to centralize those lawsuits in an MDL under 28 U.S.C. §1407, the parties
7  recognize that this action shares significant factual issues with many of those other pending cases.
8  See MDL No. 2576, Order Denying Transfer, Dec. 10, 2014.  Given those shared factual issues,
9  the parties are requesting a discovery period of 480 days to align discovery in this case with
10 discovery in the bulk of those actions so they can take advantage of the opportunity to informally
11 coordinate discovery and other pretrial matters, as suggested by the Panel on Multidistrict
12 Litigation in its order denying transfer.

In addition to the substantial discovery that has already taken place in other similar cases regarding the design, development, manufacturing, marketing, and labelling of Cymbalta, the parties in this case will need to conduct discovery specific to Plaintiff's alleged use of Cymbalta. Taken together, the parties will need to conduct at least the following discovery:

**a.** Defendant has previously produced more than 2 million pages of documents in other cases involving virtually identical allegations and anticipates that this discovery will be responsive to many of Plaintiff's document requests in this litigation.  Plaintiff will need sufficient time to review this documentation and reserves the right to seek additional discovery materials not previously produced;

**b.** The parties will need to serve written discovery on each other and conduct the depositions of fact witnesses in numerous states, including:

   **i.** Plaintiff's depositions, to the extent not already completed, of Defendant's personnel involved in the design, development, clinical testing, marketing, promoting of Cymbalta, and communications with the FDA about Cymbalta;

      **ii.**    Plaintiff's depositions of sales personnel involved in calling on physicians who prescribed Cymbalta to Plaintiff;

      **iii.**   Defendant's deposition of Plaintiff;

      **iv**.    Defendant's deposition of Plaintiff's medical providers; and

      **v.**    The parties' depositions of additional individuals based on the results of further discovery.

   **c.**   The parties will need to retain expert witnesses, many of whom likely will be located in other states, further complicating deposition scheduling with counsel for the parties also located in different parts of the country.

**2. Changes in the Timing, Form, or Requirement for Rule 26(a) Disclosures:**

None. The parties will provide their initial disclosures on or before February 26, 2015.

**3. Subjects on Which Discovery May be Made:**

The parties anticipate propounding written discovery, issuing subpoenas, conducting fact witness depositions, retaining and deposing experts, and conducting any other discovery permissible under the Rules in relation to the allegations in Plaintiff's complaint and Defendant's defenses to the same.

**4. Changes to Limitations on Discovery:**

For the reasons explained above, the parties request a 480-day period in which to complete all discovery as opposed to the presumptive limits imposed under Rule 26 or local rule. The parties are currently unaware of any other changes that should be made to the limitations imposed under the applicable rules.

**5. Additional Orders:**

The parties agree that an appropriate confidentiality order should be entered by the Court and will further meet and confer regarding such an order, which will also address methods of asserting claims of privilege and work-product/trial preparation materials protection.

**6. Discovery of Electronically Stored Information:**

The parties believe this action will involve the discovery of electronically stored information ("ESI"). Discovery of Defendant's electronically stored information has occurred in other actions

- 3 -

1  involving essentially identical allegations, and Defendant has proposed that the productions made
2  in those actions be used in this matter subject to the execution and entry of an agreed-upon
3  confidentiality and protective order, as discussed above.

4      Plaintiff expects to cooperate in obtaining the previously-produced ESI from related cases, but
5  reserves the right to seek additional ESI that has not been produced in those actions.  All ESI,
6  including previously produced ESI, shall be produced as single page TIFF images with sequential
7  Bates labeling.  Such productions will include document level text files and metadata for each
8  document to the extent available, and may be produced as load files for Ipro (LFP) and/or
9  Concordance (OPT and DAT).

10     **7.  Proposed Discovery Schedule:**

11         **a.  Discovery Cut-Off Date:**

12     As set forth above, the parties request approximately one year and four months to complete
13 both fact and expert discovery calculated from the date of the Rule 26(f) conference, which was
14 held on February 12, 2015.  The parties agree that discovery in this pharmaceutical product
15 liability case shall close on or before **Monday, June 6, 2016**.

16         **b.  Amending Pleadings and Adding Parties:**

17     The date for filing motions to amend the pleadings to add additional parties shall be not later
18 than ninety (90) days prior to the close of discovery, or **Friday, June 12, 2015**.

19         **c.  FRCP 26(a) (2) Expert and Rebuttal Disclosures:**

20     Expert disclosures shall be made on or before **Monday, February 8, 2016**, which is the first
21 business day after 120 days before the discovery cut-off date**.**  Rebuttal experts shall be made 60
22 days after the initial disclosure of experts, or **Friday, April 8, 2016.**

23         **d.  Dispositive Motions:**

24     The date for filing dispositive motions shall be not later than (30) days after the discovery cut-
25 off date, or **Wednesday, July 6, 2016.**

26         **e.  Pretrial Order:**

27     The joint pretrial order shall be filed not later than thirty (30) days after the date set for filing
28 dispositive motions, or **Friday, August 5, 2016.** In the event dispositive motions are filed, the

date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

### f. FRCP 26(a) (3) Disclosures:

Unless the discovery plan otherwise provides and the court so orders, the disclosures required by FRCP 26(a) (3) and any objections thereto shall be included in the pretrial order.

Respectfully submitted this __25th__ day of February, 2015.

| SNELL & WILMER L.L.P. | LYNCH LAW PRACTICE, PLLC |
|---|---|
| By: /s/ Casey G. Perkins<br>Kelly A. Evans, NV Bar No. 7691<br>Jay J. Schuttert, NV Bar No. 8656<br>Casey G. Perkins, NV Bar No. 12063<br>3883 Howard Hughes Pkwy., Ste. 1100<br>Las Vegas, NV 89169 | By: /s/ Michael F. Lynch<br>Michael F. Lynch, NV Bar No. 8555<br>8275 S. Eastern Ave., Suite 200<br>Las Vegas, NV 89123<br><br>Attorneys for Plaintiff<br>ROBERT R. GENTRY |
| Phyllis A. Jones (*pro hac vice*)<br>Michael X. Imbroscio (*pro hac vice*)<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br><br>Attorneys for Defendant<br>ELI LILLY AND COMPANY | |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

Prepared and Submitted by:
SNELL & WILMER L.L.P.

/s/ Casey G. Perkins
Kelly A. Evans, Nevada Bar No. 7691
Jay J. Schuttert, Nevada Bar No. 8656
Casey G. Perkins, Nevada Bar No. 12063
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Phyllis A. Jones (*pro hac vice*)
Michael X. Imbroscio (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

Attorneys for Defendant
ELI LILLY AND COMPANY

# **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER — [SPECIAL SCHEDULING REVIEW REQUESTED]** by the method indicated below:

| | | | |
|---|---|---|---|
| XXXXX | Electronic Service (CM/ECF) | _____ | Federal Express |
| _____ | U.S. Mail | _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission | _____ | Hand Delivery |
| _____ | Email Transmission | _____ | Overnight Mail |

Michael F. Lynch, Esq.
Nevada Bar No. 8555
LYNCH LAW PRACTICE, PLLC
8275 S. Eastern Ave., Suite 200
Las Vegas, NV 89123
Telephone: (702) 684-6000
Facsimile: (702) 543-3279
Email: Michael@LynchLawPractice.com
Attorneys for Plaintiff
ROBERT R. GENTRY

DATED this __25th__ day of February, 2015.

/s/ Tonya C. Stephenson
An Employee of Snell & Wilmer L.L.P.

21016372